**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

LUIS ARRONDO CHIROPRACTIC, INC.,

Plaintiff,

v. Court No. 26-cv-03820

U.S. CUSTOMS AND BORDER PROTECTION;
RODNEY S. SCOTT, in his
official capacity as Commissioner of U.S.
Customs and Border Protection; and the
UNITED STATES OF AMERICA,

Defendants.
______________________________________/

**COMPLAINT FOR REFUND OF**
**UNLAWFULLY COLLECTED IEEPA TARIFFS**

Plaintiff, LUIS ARRONDO CHIROPRACTIC, INC. ("Plaintiff"), brings this action against Defendants, U.S. Customs and Border Protection, Rodney S. Scott, and the United States of America to recover IEEPA tariffs unlawfully collected by the United States and states as follows:

## INTRODUCTION

1. Plaintiff is an importer, as defined in 19 C.F.R 101.1, of merchandise into the U.S. subject to the challenged duties.

2. Beginning in February of 2025, through a series of executive orders, the President invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose new and substantial tariffs ("IEEPA duties") on goods imported from nearly every foreign country, including countries from which Plaintiff sources its imports and transports imports on behalf of its customers. Plaintiff is responsible for paying these tariffs on the imported goods.

3. On February 20, 2026, the Supreme Court held that the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701 *et seq.*, does not authorize the President to impose tariffs. *Learning Res., Inc. v. Trump*, 2026 U.S. LEXIS 714 (U.S. Feb. 20, 2026). That decision is final. The tariffs Plaintiff paid were unlawful from inception. Plaintiff seeks an order directing the reliquidation of its entries and a refund of all IEEPA duties paid, with interest.

4. The government has stipulated in the consolidated IEEPA tariff litigation that it "will not oppose the Court's authority to order reliquidation" and "will refund any IEEPA duties found to have been unlawfully collected, after a final and unappealable decision." The government extended that stipulation to "all current and future similarly situated plaintiffs." *See* Defs.' Mot. to Expand Case Mgmt. Procedures at 5, *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, Consol. Court No. 25-00255 (Ct. Int'l Trade Jan. 7, 2026), ECF No. 32. The Supreme Court's decision satisfies that condition. Plaintiff is entitled to its refund.

**PARTIES**

5. Plaintiff is a company organized under the laws of Florida. Plaintiff is an importer of record that paid IEEPA tariffs on merchandise imported into the United States.

6. Defendant U.S. Customs and Border Protection ("CBP") is a component agency of the U.S. Department of Homeland Security headquartered in Washington, D.C., responsible for assessing and collecting tariffs on imported goods.

7. Defendant Rodney S. Scott is the Commissioner of CBP, sued in his official capacity.

8. Defendant United States of America received the unlawfully collected tariffs and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

## **JURISDICTION**

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1581(i). *See V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312, 1334 (Fed. Cir. 2025), *aff'd*, *Learning Res., Inc. v. Trump*, 2026 U.S. LEXIS 714 (U.S. Feb. 20, 2026). The Supreme Court also confirmed that challenges to the IEEPA tariffs fall "within the exclusive jurisdiction of" the Court of International Trade. *Id*. at 5. Thus, this Court has jurisdiction and authority to order remedial relief and refunds of IEEPA duties paid by importers.

10. No exhaustion of administrative remedies is required. *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, Slip Op. 25-154, 2025 WL 3634261 (Ct. Int'l Trade Dec. 15, 2025).

11. This Court has authority to order reliquidation and refund of unlawfully collected duties in actions brought under § 1581(i). This Court has the same powers in law and equity as a United States District Court. 28 U.S.C. § 1585. In any civil action under 28 U.S.C. § 1581, the Court may enter a money judgment against the United States and order any other form of civil relief. 28 U.S.C. §§ 2643(a)(1), (c)(1).

12. Plaintiff has standing because it is the importer of record for goods on which IEEPA tariffs were assessed and collected. Plaintiff has suffered a concrete, particularized injury—the payment of tariffs the Supreme Court has declared unlawful—that an order of reliquidation and refund would redress.

13. All conditions precedent have occurred or been performed.

## FACTUAL BACKGROUND

**The Unlawful IEEPA Tariffs**

14. Beginning in February 2025, President Trump invoked IEEPA to impose tariffs on imports from nearly every U.S. trading partner through a series of executive orders ("Challenged Tariff Orders"):

a. Executive Order No. 14193, 90 Fed. Reg. 9,113 (Feb. 7, 2025), imposing a 25% tariff on imports from Canada;

b. Executive Order No. 14194, 90 Fed. Reg. 9,117 (Feb. 7, 2025), imposing a 25% tariff on imports from Mexico;

c. Executive Order No. 14195, 90 Fed. Reg. 9,121 (Feb. 7, 2025), imposing a 10% tariff on imports from China, subsequently increased to 20%;

d. Executive Order No. 14257, 90 Fed. Reg. 15,041 (Apr. 7, 2025), imposing a baseline 10% "reciprocal tariff" on nearly all imports, with country-specific rates ranging up to 50%;

e. All subsequent executive orders amending, modifying, or increasing the tariffs imposed by the foregoing orders, including but not limited to Executive Orders Nos. 14200, 14228, 14256, 14259, and 14266.

15. CBP is charged with the assessment and collection of duties, including the IEEPA duties. *See* 19 U.S.C. §§ 1500, 1502.

16. CBP implemented the Challenged Tariff Orders by directing the classification of subject merchandise under new Chapter 99 headings of the Harmonized Tariff Schedule of the United States ("HTSUS") and collecting IEEPA duties on those entries.

**The Supreme Court's Decision**

17. On February 20, 2026, the Supreme Court held that "IEEPA does not authorize the President to impose tariffs." *Learning Res., Inc. v. Trump*, 2026 U.S. LEXIS 714, at *35 (U.S. Feb. 20, 2026). The Court concluded that the power to impose tariffs is "very clear[ly] . . . a branch of

the taxing power" vested exclusively in Congress by Article I, Section 8, and that IEEPA's grant of authority to "regulate . . . importation" does not encompass the power to tax. *Id.* at *3, *6–8.

18. The Court affirmed the Federal Circuit's judgment in *V.O.S. Selections* (No. 25-250), which affirmed this Court's decision that the IEEPA tariffs are unlawful. *Id.* at *35. The decision is final and unappealable.

19. On February 22, 2026, CBP announced that duties imposed under the Challenged Tariff Orders "will no longer be collected for goods entered for consumption or withdrawn from warehouse for consumption, on or after 12:00 a.m. eastern time on February 24, 2026." Cargo Systems Messaging Service Message # 67834313, Ending Collection of International Emergency Economic Powers Act Duties (Feb. 22, 2026).

**The Government's Stipulation on Reliquidation and Refund**

20. The government has repeatedly stipulated that it will not oppose reliquidation and will refund unlawfully collected IEEPA duties after a final decision.

21. This Court has held the government judicially estopped from taking a contrary position. *AGS*, 2025 WL 3634261, at *3 (citations omitted).

22. The condition precedent to the government's stipulated obligations—a final and unappealable decision finding the IEEPA duties unlawful—has been satisfied by the Supreme Court's decision in *Learning Resources*.

23. Plaintiff is the importer of record for merchandise imported into the United States that was subject to IEEPA tariffs imposed by the Challenged Tariff Orders.

24. Plaintiff's imports were classified under Chapter 99 of the HTSUS pursuant to the Challenged Tariff Orders, and IEEPA duties were assessed and collected by CBP.

25. CBP's assessment and collection of IEEPA duties constitutes agency action that is "not in accordance with law" and "in excess of statutory . . . authority" within the meaning of 5 U.S.C. § 706(2)(A) and (C).

26. By this complaint, Plaintiff seeks relief as a result of all duties is has paid or will pay to the United States arising from the Challenged Tariff Orders.

**Plaintiff Paid IEEPA Duties.**

27. As of the date of this complaint, Plaintiff paid IEEPA duties imposed by the Challenged Tariff Orders.

28. The goods Plaintiff imports into the United States that are subject to IEEPA tariffs entered the United States under new HTSUS codes from foreign countries.

29. Plaintiff paid IEEPA duties on numerous entries.

## COUNT I

## THE CHALLENGED TARIFF ORDERS ARE UNLAWFUL FOR THE REASONS STATED BY THE SUPREME COURT IN *LEARNING RESOURCES*

30. Plaintiff incorporates paragraphs 1 through 29 above.

31. In *Learning Resources*, the Supreme Court considered challenges to the President's authority to impose tariffs under IEEPA and this court's ruling and the Federal Circuit's affirmance of this court's opinion in *V.O.S. Selections, Inc. v. Donald J. Trump*, 772 F. Supp. 3d. 1350, 1383 (Ct. Int'l Trade 2025), *aff'd*, 149 F.4th 1312 (Fed. Cir. 2025), holding that the President exceeded his authority under IEEPA, 50 U.S.C. § 1701 et seq., when he imposed tariffs on imported goods.

32. The Supreme Court held that all tariffs imposed under IEEPA are unlawful. In the Supreme Court's words, "[o]ur task … is to decide only whether the power to 'regulate . . . importation,' as granted to the President in IEEPA, embraces the power to impose tariffs. It does not." *Learning Resources*, slip op. at 16. The Supreme Court thus affirmed the Federal Circuit's

decision, which for its part had affirmed this Court's ruling on the merits of the IEEPA tariffs. *Id.* at 21.

33. The Challenged Tariff Orders purport to impose duties and modify the Harmonized Tariff Schedule of the United States solely under IEEPA.

34. In its motion to the Federal Circuit in *V.O.S. Selections* to stay this Court's judgment, CBP confirmed that "[i]f tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any postjudgment interest that accrues." Gov't. Mot. Stay Pending Appeal at 25, *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025).

35. This Court is bound by the *Learning Resources* decision and as a result of that decision should order refunds of all IEEPA duties paid by Plaintiff, with interest as provided by law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment as follows:

a. order CBP to reliquidate any entries that have been liquidated with IEEPA duties;

b. order CBP to liquidate all unliquidated entries subject to IEEPA duties without IEEPA duties;

c. Order the United States to refund to Plaintiff all IEEPA duties collected on Plaintiff's entries subject to IEEPA duties, with interest as provided by law;

d. Award Plaintiff its costs and reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412; and

e. Grant such other and further relief as this Court deems just and proper.

Date: August 31, 2026. Respectfully submitted,

**MORENO PERDOMO, PLLC**
5000 S.W. 75th Avenue, Suite 400
Miami, FL 33155
Phone: 786-224-5093

*/s/ Gino Moreno*
Gino Moreno, FBN: 112099
gmoreno@morenoperdomo.com

*/s/ Arlenys Perdomo*
Arlenys Perdomo, FBN: 115561
aperdomo@morenoperdomo.com

## CERTIFICATE OF SERVICE

***Luis Arrondo Chriropractic, Inc. v. U.S. Customs and Border Protection, et al.***

**CIT Case No. 26-cv-03820**

Pursuant to U.S. Court of International Trade Rule 4(b) and (h), I hereby certify that on August 31, 2026, I served a copy of the Summons, Complaint, Form 5, Form 11s, and Form 13 by certified mail, return receipt requested, upon the following:

Attorney-In-Charge
International Trade Field Office
Commercial Litigation Branch
U.S. Department of Justice
26 Federal Plaza New York, NY 10278

Attorney-In-Charge Office of Chief Counsel
U.S. Customs and Border Protection
1300 Pennsylvania Ave.
NW Washington, DC 20229

Attorney-In-Charge
Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20530

Deputy General Counsel
Office of the General Counsel

Office of the U.S. Trade Representative
600 17th Street, NW
Washington, DC 20508